UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

CASE NO. 15-CR-20283
HONORABLE GEORGE CARAM STEEH

v.

D-4 RODNEY LAMOND KNIGHT,

           Defendant.
_____/

ORDER GRANTING GOVERNMENT'S MOTION TO
COMPEL COLLECTION OF DNA SAMPLE (Doc. 121)

This matter is before the court on the government's motion to compel collection of a DNA sample from Defendant, Rodney Lamond Knight. The government seeks an additional DNA sample to be obtained via buccal swab in order to conclusively determine whether DNA evidence found on an AK-47 is in fact Defendant's. For the following reasons, the government's motion is GRANTED.

BACKGROUND

A grand jury charged Defendant with, among other things, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). (Doc. 33, Pg ID 256). The grand jury found probable cause that Defendant was a felon in possession of a firearm based on an AK-47 allegedly found at Defendant's residence. A test conducted by the Michigan State Police compared a DNA sample already on file with the Michigan State Police to a

-1-

DNA sample taken off of the AK-47 and concluded that it was Defendant's DNA on the firearm. (Doc. 121-1, Pg ID 518). The Michigan State Police, however, requested an additional DNA sample from Defendant to ensure "quality control and quality assurance" and to confirm the association. (*Id.*). The court held a status conference on May 5, 2016 during which the government indicated that the parties would likely be stipulating to an additional DNA sample. (Doc. 118, Pg ID 465). No stipulation was entered, and the government filed the instant motion.

## STANDARD OF REVIEW

The Fourth Amendment to the Constitution, which is binding on the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures by the government. A buccal swab of a person's cheek is a search that falls within the Fourth Amendment. *Maryland v. King*, 133 S. Ct. 1958, 1968-69 (2013). Although, "[t]he fact than an intrusion is negligible is of central relevance to determining reasonableness" under the Fourth Amendment. *Id.* at 1969. "[T]he Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances." *Schmerber v. California*, 384 U.S. 757, 768 (1966). In determining reasonableness under the Fourth Amendment, courts must weigh the "extent of the intrusion upon the individual's dignitary interests in personal privacy and bodily integrity" against "the community's interest in fairly and accurately determining guilt or innocence." *Winston v. Lee*, 470 U.S. 753, 761-62 (1985).

## ANALYSIS

The government asks that the court compel Plaintiff to submit to a buccal swab to ensure "quality control and quality assurance" and to confirm the presence of

-2-

Defendant's DNA on the AK-47. The government argues that the buccal test is reasonable because it is non-invasive and has both inculpatory and exculpatory value. Additionally, the grand jury has already found probable cause that Defendant was in possession of the AK-47. Defendant responds that the this test is unnecessary because the Michigan State Police already have Defendant's DNA sample. Moreover, a report from the Michigan State Police confirmed that Defendant's DNA was on the AK-47.

Defendant further requests that the court deny this motion because Defendant has not had the opportunity to file a motion to suppress evidence, including the AK-47, that was allegedly obtained from Defendant's residence. The government asks the court to grant the motion in order to avoid unnecessary delays in this multi-defendant case.

Finally, Defendant insists that the government did not file this motion to further solidify the case at hand. Rather, according to Defendant, the government is trying to obtain evidence to link Defendant to an armed bank robbery. The government denies these allegations in its reply.

As noted above, this is not an invasive procedure, and although the test is duplicative, it retains its value to the government's purpose of determining the guilt or innocence of Defendant. If Defendant does file a motion to suppress and succeed, the DNA obtained through this buccal swab would be immaterial. As to Defendant's allegation that the government is using this test to obtain evidence for another investigation, the court does not find that persuasive. Defendant did not provide any evidence to support this accusation. In addition, the Michigan State Police already have

Plaintiff's DNA on file. The buccal swab at issue is, therefore, reasonable under the Fourth Amendment, and the government's motion is GRANTED.

    IT IS SO ORDERED.

Dated: July 13, 2016

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 13, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk